UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TERA TAYLOR o/b/o S.W.                           CIVIL ACTION

VERSUS                                                        NUMBER: 15-3705

CAROLYN W. COLVIN, ACTING                SECTION: "I"(5)
COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION

## REPORT AND RECOMMENDATION

Pursuant to an order of reference from the presiding District Judge (rec. doc. 18), presently before the Court is Plaintiff's motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412, and Defendant's belated opposition thereto. (Rec. docs. 17, 21).[1] For the reasons that follow, it is recommended that Plaintiff's motion be granted in part.

Plaintiff, through counsel, filed the above-captioned lawsuit seeking judicial review of an adverse decision of the Commissioner of the Social Security Administration denying his application for SSI benefits. (Rec. doc. 1). After the parties had filed their cross-motions for summary judgment (rec. docs. 12, 13), the undersigned issued a Report and Recommendation recommending that Plaintiff's case be remanded to the Commissioner for further proceedings. (Rec. doc. 14). Defendant filed no objection to the aforementioned Report and Recommendation and on June 20, 2016, the District Judge adopted the Report and Recommendation as his opinion in this matter, concomitantly entering Judgment

---

[1] Although Plaintiff's motion is denominated as one seeking "attorney's fees and costs," no actual costs are sought based on a review of Exhibit "A" to Plaintiff's motion. (Rec. doc. 17-2).

remanding Plaintiff's case to the Commissioner.  (Rec. docs. 15, 16).  The instant motion followed.

By way of his current motion, Plaintiff seeks attorney's fees for 30 hours of time that was expended in this case at a rate of $175.000 per hour for a total award of $5,250.00.  In her response to Plaintiff's motion, the Commissioner does not take issue with the hourly rate at which Plaintiff's counsel seeks to be compensated, Plaintiff's prevailing-party status, the timeliness of the fee application, or whether the government's position was substantially justified.  What the Commissioner does challenge is the overall number of hours that were reportedly devoted by Plaintiff's counsel to this case, arguing that the requested hours are excessive and insufficient to satisfy Plaintiff's burden to establish the reasonableness of the fee request.

Unfortunately, the Court's task in resolving the matter at hand is made somewhat more difficult by virtue of the bare-bones billing records upon which Plaintiff relies.  Unlike detailed time records that are typically submitted in connection with EAJA fee applications, the specific amount of time that was spent on each of the tasks identified by Plaintiff is not provided. (Rec. doc. 17-2).  Indeed, almost all of the tasks were not identified as having been performed on a specific date but were instead claimed to have been accomplished during time periods that span anywhere from two months to one year (*e.g.*, "7/20/2015 – 7/2016 Updated client Throughout case")(*Id.*).  Faced with these ill-supported time entries, defense counsel has apparently prevailed upon his opponent to provide a more itemized breakdown of the hours that were purportedly expended in this case, taking exception with certain of those entries as described more fully below.  (Rec. doc. 21, pp. 2-7).

Defendant first takes exception with counsel's claim of having spent three hours in the drafting of her complaint, arguing that the compensable time should be reduced by 1.5 hours. The text of the generic complaint that was filed in this case is less than one and one-half pages in length, shy of the one-page "fill-in-the-blanks" complaint form and accompanying one-page Local Rule 9.2 attachment that are available on the Eastern District of Louisiana's website. Certainly, the completion of those forms – which ask only for the claimant's name, address, phone number, and Social Security number – can be accomplished in far less time than three hours. The suggested 1.5 hour reduction is eminently reasonable.

Next, Defendant opposes Plaintiff's attempt to be compensated for the 1.5 hours that were expended in completing the Marshal's "Form USM-285" that allowed for service to be effected at government expense for individuals like himself who are proceeding *in forma pauperis* ("IFP"). Defendant argues that the completion of those forms is a clerical, ministerial task that can be accomplished without the expertise of an attorney. The Court knows from experience that such forms are routinely and successfully completed in prisoner IFP cases by non-lawyer personnel from the Marshal's Service on a daily basis. Defendant should not have to compensate Plaintiff for tasks that are of a clerical or administrative nature. *Raspanti v. U.S. Dept. of the Army*, No. 00-CV-2379, 2001 WL 1081375 at *8-9 (E.D. La. Sept. 10, 2001). Defendant also seeks a .50 hour reduction of the time that was reportedly spent in reviewing the Order and Judgment that were issued by the District Judge. (Rec. docs. 15, 16). A cursory review of those two documents reveals each one to be composed of but a mere sentence. That the Defendant is willing to compensate Plaintiff's attorney .25 hours for reading a totality of two sentences is, in a word, charitable.

3

Defendant next objects to Plaintiff's request to be compensated for three hours spent preparing the EAJA fee application, particularly given the cryptic supporting time records, arguing that 1.5 hours is sufficient to perform the task. A review of counsel's fee request reveals it to be amazingly similar to that which she submitted in the matter entitled *Matthews v. Colvin*, No. 14-CV-0079 "H"(3) approximately one year ago. (*See* rec. doc. 26 in 14-CV-0079). Tailoring the caption and procedural history of that previous motion for use in this case could easily be accomplished in 1.5 hours. Finally, counsel seeks to be compensated for three hours that were accumulated over a one-year period in updating Plaintiff on the status of his case. Defendant opposes such an award, arguing that the updates were not identified by date or time spent and were thus not contemporaneously recorded. While contemporaneous time records are the preferred practice, *Webb v. Board of Educ. Of Dyer County, Tenn.*, 471 U.S. 234, 238 n.6, 105 S.Ct. 1923, 1926 n.6 (1985), certainly a client is entitled to be kept reasonably apprised of the status of his case. Given that Plaintiff's case proceeded rather straight-forwardly from a procedural standpoint, a total of one hour expended over the course of a year to provide Plaintiff with quarterly updates on the status of his case is not unreasonable.

In summary, the time deductions that the Court believes are appropriate in this case total 7 hours (1.5 + 1.5 + .5 + 1.5 + 2.0 = 7.0) and operate to reduce the properly compensable time from 30 hours to 23 hours. Although not challenged by Defendant, a sampling of EAJA fee awards in this District reveals $175.00 to be the customary hourly rate in proceedings such as this one. *Kolb v. Colvin*, No. 13-CV-5085, 2016 WL 258621 at *3 (E.D. La. Jan. 21, 2016); *Joiner v. Colvin*, No. 14-CV-1315, 2015 WL 6442710 at *1 (E.D. La. Oct. 23, 2015); *Hallaron v. Colvin*, No. 12-CV-2051, 2015 WL 4042144 at *2 (E.D. La. July 1, 2015). Plaintiff

should thus be compensated for 23 hours of work performed at a rate of $175.00 per hour, for a total fee award of $4,025.00.  Irrespective of whatever contractual arrangement may exist between Plaintiff and his attorney, the award of fees is properly payable to Plaintiff rather than his counsel.  *Astrue v. Ratliff*, 560 U.S. 586, 589, 130 S.Ct. 2521, 2524 (2010); *Murkledove v. Astrue*, 635 F.3d 784, 788-89 n.2 (5th Cir. 2011); *Thibodeaux v. Astrue*, 914 F.Supp. 2d 789, 793-94 (E.D. La. 2012).

### **RECOMMENDATION**

For the foregoing reasons, it is recommended that Plaintiff, Tera Taylor o/b/o S.W., be awarded EAJA fees in the amount of $4,025.00 (23 hours @$175.00 per hour).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(en banc).[2]

New Orleans, Louisiana, this  23rd  day of             August             , 2016.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[2] *Douglass* referenced the previously-applicable 10-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.